# EXHIBIT AA



## The City of New York
### Department of Investigation

ROSE GILL HEARN
COMMISSIONER

80 MAIDEN LANE
NEW YORK, NY 10038
212-825-5900

March 7, 2013

City of New York
Office of Administrative Trials and Hearings
40 Rector Street, 6th Floor
New York, NY 10006-1705

Attention: Calendar Unit

**RE: Department of Investigation v. George Airday, Index No. 12-2038**

Dear Sir or Madam:

At a July 2, 2012 conference in front of ALJ Lewis, the New York City Department of Investigation ("DOI") withdrew without prejudice three administrative charges it had filed against City Marshal George Airday pending the resolution of two criminal matters in which Marshal Airday was a defendant in Bronx Criminal Court. It is my understanding that those matters have now been resolved. DOI therefore seeks to re-instate Charge One of the enclosed charges and specifications, which were served on Marshal Airday on June 12, 2012. DOI withdraws Charges Two and Three.

I respectfully suggest that a conference be scheduled during the week of April 8, 2013 for purposes of discussing a schedule and procedure for the hearing and any pre-hearing matters. Deputy Commissioner for Legal Affairs and General Counsel Marjorie Landa will represent DOI in this matter. Stuart London, Esq. and Howard Sterinbach, Esq. of London & Worth LLP have appeared on behalf of Marshal Airday in this matter and have also requested that it be put back onto OATH's calendar. I am available at (212) 825-0662 should you require additional information.

Respectfully submitted,

Benet J. Kearney
Deputy General Counsel

cc:    George Airday
       Stuart London, Esq.

Encl.

NYCE000611

# EXHIBIT BB

**From:** KEITH SCHWAM [MS029@doi.nyc.gov]
**Sent:** Thursday, May 23, 2013 1:17 PM
**To:** Aprilanne Agostino; Susanna Rojas
**CC:** Marjorie Landa; hsterinbach@wll-law.com
**Subject:** City Marshal George Airday - Stipulation (With Attachment)
**Attachment(s):** "DOI Letter to Appellate Division 5.23.2013+att.pdf"

Good afternoon, April and Susanna:

I am attaching a scanned copy of the letters addressed to each of the Presiding Justices of the Appellate Division, First and Second Judicial Departments, informing the Appellate Division of the outcome of the disciplinary proceedings involving Marshal Airday, with an attached copy of the Stipulation that has been executed between Marshal Airday, his attorney, Howard B. Sterinbach, Esq., copied here, and the Department of Investigation. As indicated in the attached documents, under the Stipulation, Marshal Airday, who has been suspended since June 12, 2012, paid a fine of $7,500 to DOI as the penalty for one disciplinary charge, with the two remaining charges having been withdrawn, and DOI agreed to request that the Appellate Division lift the suspension.

The original signed documents will be hand-delivered to your courthouses today.

Thank you for your consideration of this matter.

I am available if there are any questions.

Respectfully submitted,


Keith Schwam
Assistant Commissioner
NYC Department of Investigation
212 825-5958
kschwam@doi.nyc.gov

NYCE000846



The City of New York
Department of Investigation

ROSE GILL HEARN
COMMISSIONER

80 MAIDEN LANE
NEW YORK, NY 10038
212-825-5900

May 23, 2013

Honorable Luis A. Gonzalez
Presiding Justice
Appellate Division, First Department
27 Madison Avenue at 25th Street
New York, NY 10010

Honorable Randall T. Eng
Presiding Justice
Appellate Division, Second Department
45 Monroe Place
Brooklyn, NY 11201

**RE: City Marshal George Airday**

Dear Justices Gonzalez and Eng:

This letter is respectfully submitted to inform the Appellate Division, First Judicial Department, and the Appellate Division, Second Judicial Department, (hereafter jointly "the Appellate Division"), of the disposition of disciplinary proceedings concerning City Marshal George Airday subsequent to the Appellate Division's issuance of Joint Administrative Order ("JAO") 2012-1 on June 11, 2012 and to respectfully request that the Appellate Division issue a joint order lifting the suspension of Marshal Airday pursuant to an executed Stipulation between the Department of Investigation ("DOI") and Marshal Airday and his attorney. A copy of the executed Stipulation is attached as Exhibit A.

On May 30, 2012, DOI filed Charges and Specifications against Marshal Airday and requested that the Appellate Division order Marshal Airday's suspension from office pending the resolution of those charges. Following that request and Marshal Airday's submission of papers in opposition thereto, on June 11, 2012, the Appellate Division issued JAO 2012-1, which, in sum and in pertinent part, directed DOI to institute disciplinary proceedings against Marshal Airday in accordance with Article 16 of the New York City Civil Court Act ("CCA") and JAOs 453 and 456, and suspended Marshal Airday from office pending the resolution of those charges.

On June 12, 2012, Marshal Airday was served with the JAO and was suspended from office. On June 13, 2012, DOI filed the Charges and Specifications with the City's Office of Administrative Trials and Hearings ("OATH") and requested that a hearing be held within 60 days of the service of the suspension order and that a complete record of the hearing and the administrative law judge's recommended findings of fact be provided to the DOI Commissioner. That OATH proceeding was subsequently stayed by agreement of both parties and their attorneys pending the resolution of the criminal charges underlying two of the three Charges and Specifications that had been filed against Marshal Airday, and, during the pendency of the stay, Marshal Airday agreed to remain suspended from

NYCE000847

Honorable Luis A. Gonzalez,
Honorable Randall T. Eng
May 23, 2013
Page 2 of 3

office and from the performance of official acts as a City marshal. Accordingly, Marshal Airday has been
suspended from office from June 12, 2012 through the present, a period of just over 11 months.

During the stay, the criminal charges against Marshal Airday were resolved as follows: (1) On
October 19, 2012, Marshal Airday was found not guilty after trial of all the charges under Bronx County
Docket Number 2011BX068751; and (2) on March 1, 2013, the Bronx County District Attorney's Office
dismissed the case against Marshal Airday under Bronx County Docket Number 2012BX004096.

By letter to OATH dated March 7, 2013, DOI asked that OATH reinstate Charge One of the
Charges and Specifications and withdrew Charges Two and Three in which DOI had sought Marshal
Airday's suspension pending the resolution of the above-referenced criminal charges.  Thereafter,
counsel for DOI and Marshal Airday discussed a possible disposition of Charge One, the remaining
charge.

Charge One of the Charges and Specifications dated May 30, 2012 charged Marshal Airday with
violating New York City Marshals Handbook of Regulations, Chapter I, § 1-9 (a), (b), as follows:

> From on or about January 31, 2012 continuing through the present, you
> interfered and failed to cooperate fully with an investigation by the
> Department of Investigation ("DOI") concerning (1) handguns that may
> have been in your possession or custody at various times and (2) one or
> more handgun licenses you obtained from the New York City Police
> Department ("NYPD") based in whole or part on your occupation as a
> New York City Marshal.  Specifically, on January 30, 2012, DOI directed
> that you provide to DOI by the next day copies of any correspondence and
> notices you received from the NYPD on or after December 22, 2011
> regarding your handgun license(s), and any and all relevant records in
> your custody or control, including but not limited to (1) copies of all
> applications for handgun license(s) and renewals, (2) records reflecting
> the loss, theft, or transfer of any handgun and any notifications to the
> NYPD of such loss, theft or transfer, and (3) any and all records reflecting
> or related to (a) a Derringer .22 caliber handgun, and (b) your acquisition
> of a .25 caliber Hawes handgun listed in an NYPD Property Claims
> Invoice as having been recovered from your residence.  You have failed
> and refused to provide the above-described documents and records to
> DOI and have indicated that it is your intention not to produce those
> documents and records unless and until formal disciplinary charges are
> filed.

On May 20, 2013, following discussions between counsel for DOI and counsel for Marshal
Airday, a Stipulation was executed by both parties and by Marshal Airday's attorney, in which Marshal
Airday agreed, among other things, to cooperate fully with DOI's investigation of his conduct, including
giving full and complete testimony under oath, and to pay a fine in the amount of seven thousand five
hundred dollars ($7,500.00) as the penalty for his failure to provide DOI with the documents specified in

Honorable Luis A. Gonzalez,
Honorable Randall T. Eng
May 23, 2013
Page 3 of 3

Charge One, above.  Marshal Airday, having had full opportunity to review the Stipulation with his attorney and having been informed of his rights with respect to discipline under the CCA, the JAOs cited above, and the Marshals Handbook, agreed to waive those rights, including but not limited to his right to appeal.  The Stipulation constitutes the final disposition for Charge One of the Charges and Specifications, Charge Two and Charge Three having already been withdrawn.

Both parties further agreed in the attached Stipulation that upon execution of the Stipulation by both parties and payment by Marshal Airday of the agreed fine of $7,500.00 for Charge One, DOI would immediately seek an order from the Appellate Division lifting the suspension imposed upon Marshal Airday pursuant to JAO 2012-1 and that the Stipulation would be filed as a public record in DOI and with the Appellate Division and would be considered for all purposes as part of Marshal Airday's official record.  Marshal Airday paid the above-specified fine in full on May 20, 2013.

Accordingly, as agreed in the attached Stipulation, DOI hereby respectfully requests that the Appellate Division, First Judicial Department, and the Appellate Division, Second Judicial Department, jointly order that the suspension of Marshal Airday be lifted and that the Stipulation be filed as a public record in DOI and with the Appellate Division and be considered for all purposes as part of Marshal Airday's official record.

Respectfully submitted,

Keith Schwam
Assistant Commissioner
Director of the Bureau of City Marshals
212 825-5958
kschwam@doi.nyc.gov

cc:    Susanna Molina Rojas, Esq.
       Aprilanne Agostino, Esq.
       Howard B. Sterinbach, Esq., Attorney for Marshal Airday

Enclosure

NYCE000849

HONORABLE KARA MILLER
OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS
----------------------------------------------------X
*In the Matter of*

NEW YORK CITY                                      OATH Index No. 1620/13
DEPARTMENT OF INVESTIGATION,
                          *Petitioner*              STIPULATION

*--against--*

GEORGE AIRDAY,
New York City Marshal, Badge #7
                          *Respondent*
----------------------------------------------------X

WHEREAS, on or about December 21, 2011, New York City Marshal George Airday ("Marshal Airday") was arrested and charged with assault in the third degree, menacing in the third degree, and harassment in the second degree under Bronx County Criminal Court docket number 2011BX068751;

WHEREAS, on or about January 18, 2012, under Bronx County Criminal Court docket number 2012BX004096, Marshal Airday was arrested and charged with criminal contempt in the second degree related to an alleged violation of an order of protection that had been issued in the above-referenced case;

WHEREAS, on or about January 19, 2012, upon learning of the January 18, 2012 arrest for criminal contempt, the New York City Department of Investigation ("DOI"), pursuant to its supervisory authority over City marshals, informed Marshal Airday that if he did not intend to resign, it would seek his removal from office and instructed him not to perform any marshal duties other than the orderly redemption of vehicles and the collection and remittance of funds in relation to vehicles already in his custody;

WHEREAS, upon being informed by the New York City Police Department that there were discrepancies between the firearms listed on Marshal Airday's firearm licenses, and those recovered from his safe as a result of the issuance of the order of protection, DOI also commenced an investigation into these issues and by letter dated January 30, 2012 requested the production of certain documents in connection with that investigation relating to Marshal Airday's firearms, licenses, and gun registrations;

WHEREAS, Marshal Airday, through his attorney by letter to DOI dated February 17, 2012 advised DOI that "written disciplinary charges have not yet been filed" and that Marshal Airday's "criminal case takes precedence over the administrative proceeding. Therefore, until resolution of that criminal matter, absent the Department of Investigation affording Airday his rights to a full and fair hearing as required under the law, Airday will not be able to provide the documents that have been requested by the Department of Investigation;"

**EXHIBIT A**

NYCE000850

WHEREAS, on or about June 1, 2012, DOI served three disciplinary charges upon Marshal Airday under Sections 1610 and 1612 of the New York City Civil Court Act ("CCA") and Joint Administrative Orders ("JAOs") 453 and 456 of the Appellate Divisions of the Supreme Court of the State of New York, First and Second Judicial Departments ("Appellate Divisions"), and a copy of said disciplinary charges is attached to and made part of this Stipulation as "Exhibit A";

WHEREAS, on or about June 11, 2012, the Appellate Divisions, by JAO 2012-1, temporarily suspended Marshal Airday from office, pending a further order of the Courts, and directed DOI to conduct disciplinary proceedings in accordance with JAOs 453 and 456 and Article 16 of the New York City Civil Court Act;

WHEREAS, said disciplinary proceeding filed by DOI with the City's Office of Administrative Trials and Hearings ("OATH"), was subsequently stayed pending the resolution of the criminal charges that had been filed against Marshal Airday and, during the pendency of that stay, Marshal Airday agreed to remain suspended from office and from performance of official acts as a City marshal;

WHEREAS, the criminal charges against Marshal Airday were resolved in Marshal Airday's favor as follows: (1) On October 19, 2012, Marshal Airday was found not guilty after trial of all the charges under Bronx County Docket Number 2011BX068751; and (2) on March 1, 2013, the Bronx County District Attorney's Office dismissed the case against Marshal Airday under Bronx County Docket Number 2012BX004096;

WHEREAS, by letter to OATH dated March 7, 2013 DOI asked that OATH reinstate Charge One of the attached disciplinary charges, and withdrew Charges Two and Three in which DOI had sought Marshal Airday's suspension pending the resolution of the above-referenced criminal charges;

WHEREAS, as an alternative to a formal disciplinary proceeding based on the pending disciplinary charge;

IT IS HEREBY STIPULATED AND AGREED, by and between DOI and Marshal Airday:

1. Marshal Airday agrees to fully cooperate with DOI's investigation of his conduct, including giving full and complete testimony under oath.

2. Marshal Airday further agrees to pay a fine in the amount of seven thousand five hundred dollars ($7,500.00) by check payable to the New York City Commissioner of Finance, which shall be tendered to DOI upon the signing of this Stipulation by both parties, as the penalty for his failure to provide DOI with the documents specified in Charge One of the attached disciplinary charges.

2

3. Upon the execution of this Stipulation and the receipt of the payment of the fine of $7,500.00 referenced in the preceding paragraph, DOI will immediately seek an order from the Appellate Divisions lifting the suspension imposed upon Marshal Airday pursuant to JAO 2012-1.

4. Marshal Airday acknowledges that he has had full opportunity to review this Stipulation with his attorney and has been informed of his rights with respect to discipline under the CCA, the JAOs cited above, and the New York City Marshals Handbook of Regulations, including but not limited to, his rights (1) to be furnished with written charges and an opportunity to answer the charges in writing, (2) to a full hearing on the charges, at which DOI's designee has the burden of proving the charged misconduct, (3) to be represented by counsel at such hearing, and (4) after such hearing, to appeal any decision of the DOI Commissioner ("Commissioner"), including but not limited to, any penalty imposed by the Commissioner, to the Appellate Divisions.

5. Marshal Airday hereby knowingly and voluntarily waives his above-mentioned rights, including, but not limited to, his right to appeal.

6. This Stipulation constitutes the final disposition for Charge One of the attached disciplinary charges, Charge Two and Charge Three having already been withdrawn.

7. This Stipulation will be filed as a public record in DOI and with the Appellate Divisions of the New York State Supreme Court, First and Second Judicial Departments, under JAO 456 and CCA Section 1610 and will be considered for all purposes as part of Marshal Airday's official record.

Dated: New York, New York
        May 20 , 2013

George Airday
New York City Marshal, Badge #7

Keith Schwam
Assistant Commissioner
New York City Department of Investigation
80 Maiden Lane
New York, NY 10038

Howard B. Sterinbach, Esq.
London & Worth, LLP
111 John Street, Suite 640
New York, N.Y. 10038
Attorney for City Marshal George Airday

3

NYCE000852

EXHIBIT A

NYCE000853

CITY OF NEW YORK
DEPARTMENT OF INVESTIGATION

In the Matter of the
Charges and Specifications
- against -
GEORGE AIRDAY
New York City Marshal - Badge #7

Pursuant to §1610 of the New York City Civil Court Act and Joint Administrative Orders #453 and #456 of the Appellate Division for the First and Second Departments, dated November 12, 1975, and February 27, 1976, respectively, you are hereby charged as follows:

Charge number          Rules Violated and Specifications

Charge One             New York City Marshals Handbook of Regulations, Chapter I, § 1-
                       9 (a), (b)

From on or about January 31, 2012 continuing through the present, you interfered and failed to cooperate fully with an investigation by the Department of Investigation ("DOI") concerning (1) handguns that may have been in your possession or custody at various times and (2) one or more handgun licenses you obtained from the New York City Police Department ("NYPD") based in whole or part on your occupation as a New York City Marshal. Specifically, on January 30, 2012, DOI directed that you provide to DOI by the next day copies of any correspondence and notices you received from the NYPD on or after December 22, 2011 regarding your handgun license(s), and any and all relevant records in your custody or control, including but not limited to (1) copies of all applications for handgun license(s) and renewals, (2) records reflecting the loss, theft, or transfer of any handgun and any notifications to the NYPD of such loss, theft or transfer, and (3) any and all records reflecting or related to (a) a Derringer .22 caliber handgun, and (b) your acquisition of a .25 caliber Hawes handgun listed in an NYPD Property Claims Invoice as having been recovered from your residence. You have failed and refused to provide the above-described documents and records to DOI and have indicated that it is your intention not to produce those documents and records unless and until formal disciplinary charges are filed.

NYCE000854

Charge Two                   Civil Court Act § 1610; New York City Marshals Handbook of
                             Regulations, Chapter I, § 1-1

On or about December 21, 2011, you were arrested, and you were subsequently charged
with (1) assault in the third degree (Penal Law § 120.00(1)), (2) menacing in the third
degree (Penal Law § 120.15), and (3) harassment in the second degree (Penal Law §
240.26(1)).  The allegations contained in the accusatory instrument, if true, warrant your
removal or other penalty.  The pendency of these charges therefore warrants your
suspension pending their resolution.

Charge Three                 Civil Court Act § 1610; New York City Marshals Handbook of
                             Regulations, Chapter I, § 1-1

On or about January 18, 2012, you were arrested, and you were subsequently charged
with criminal contempt in the second degree (Penal Law § 215.50(3)), in that, according
to the accusatory instrument filed and pending in the Bronx Supreme Court, Criminal
Division, you engaged in intentional disobedience or resistance to the lawful process or
other mandate of a court in a case not involving or growing out of a labor dispute.  The
allegations contained in the accusatory instrument, if true, warrant your removal or other
penalty.  The pendency of these charges therefore warrants your suspension pending their
resolution.

Dated:       New York, New York
             May 30, 2012

                             ROSE GILL HEARN, Commissioner
                             New York City Dept. of Investigation

                             By_____
                                Keith Schwam
                                Assistant Commissioner
                                Director of the Bureau of Marshals

Date Served: _____

By: _____

Page 2

# EXHIBIT CC

**From:** Aprilanne Agostino [aagostin@courts.state.ny.us]
**Sent:** Wednesday, May 29, 2013 9:35 AM
**To:** KEITH SCHWAM; Susanna Rojas
**CC:** Marjorie Landa; hsterinbach@wll-law.com
**Subject:** Re: City Marshal George Airday - Stipulation (With Attachment)

OK.  That makes sense.  Thanks


Aprilanne Agostino
Clerk of the Court
Supreme Court of the State of New York
Appellate Division, Second Judicial Department
45 Monroe Place
Brooklyn, New York 11201
Tel.: (718) 722-6314
Fax:  (646) 963-6595 aagostin@courts.state.ny.us

>>> "KEITH SCHWAM" <kschwam@doi.nyc.gov> 5/29/2013 10:19 AM >>>
Hi April,

You are correct that the Stipulation is the final disposition of Charge
One, which charged the Marshal with failing to cooperate with DOI's
investigation, specifically his failure and refusal to provide DOI with
certain records relating to his firearms, licenses, and gun
registrations. It does not resolve the underlying issues or foreclose
the possibility of future disciplinary charges.  DOI may conduct any
further investigation of the marshal's conduct as we determine
necessary, and the Marshal has agreed to cooperate.

Respectfully,
Keith




Keith Schwam
Assistant Commissioner
NYC Department of Investigation
212 825-5958
kschwam@doi.nyc.gov

>>> "Aprilanne Agostino" <aagostin@courts.state.ny.us> 5/28/2013 4:08
PM >>>
Hi Keith

I am preparing a proposed order vacating the suspension of Marshal
Airday for Susanna to review.  In reviewing your submissions a
question
arose.

As you note, under the stipulation Airday agreed "fully cooperate with
DOI's investigation of his conduct."  However, the stip goes on to
state
that it is "the final disposition for Charge One" and Charges two and
three have already been withdrawn.  So, I guess my question is what
investigation is he agreeing to cooperate with ?  Is DOI still
planning
to look into the matter regarding the guns and licenses he possessed,
with the possibility that further charges might be proffered in the
future ?  Or am I really overthinking this thing ?

April


Aprilanne Agostino
Clerk of the Court
Supreme Court of the State of New York
Appellate Division, Second Judicial Department
45 Monroe Place
Brooklyn, New York 11201
Tel.: (718) 722-6314
Fax:  (646) 963-6595 aagostin@courts.state.ny.us

>>> "KEITH SCHWAM" <kschwam@doi.nyc.gov> 5/23/2013 5:13 PM >>>
From DOI's perspective, this is not a problem, it is the Courts'
process and June 5 is a reasonable time frame of less than two weeks.

April, Susanna, I appreciate your willingness to work together to
draft
the order. I will only repeat that if having DOI submit a draft that
you
could work with would be helpful to you and the Courts, we are
available
to do that, just let me know.

Thanks to all.


Keith Schwam
Assistant Commissioner
NYC Department of Investigation
212 825-5958
kschwam@doi.nyc.gov

>>> "Susanna Rojas" <SROJAS@courts.state.ny.us> 5/23/2013 4:34 PM >>>
The earliest I can get approval is June 3rd.


Susanna Molina Rojas
Clerk of the Court
Appellate Division, First Department
27 Madison Avenue
New York, New York  10010
212-340-0400
>>> Aprilanne Agostino 5/23/2013 4:31 PM >>>
Thanks guys.  I think we can probably draft something, though not
until
next week.  And I probably could not get the court's approval until
June
5.  Is that a problem ?


Aprilanne Agostino
Clerk of the Court
Supreme Court of the State of New York
Appellate Division, Second Judicial Department
45 Monroe Place
Brooklyn, New York 11201
Tel.: (718) 722-6314
Fax:  (646) 963-6595 aagostin@courts.state.ny.us

>>> Susanna Rojas 5/23/2013 4:22 PM >>>
Whatever April wants to do is fine with me.  I will wait to hear from
her.

Thanks.


Susanna Molina Rojas
Clerk of the Court
Appellate Division, First Department
27 Madison Avenue
New York, New York  10010
212-340-0400
>>> "KEITH SCHWAM" <kschwam@doi.nyc.gov> 5/23/2013 4:25 PM >>>
Susanna,

If you would like me to draft it, I can do that, or if that is
something you prefer to have done by and between the two departments.
I
will do whichever is preferable to the courts.

Thank you.
Keith

>>> "Susanna Rojas" <SROJAS@courts.state.ny.us> 5/23/2013 4:16 PM >>>
Keith, I received the hard copy.  Are we preparing the joint order
lifting the stay?


Susanna Molina Rojas
Clerk of the Court
Appellate Division, First Department
27 Madison Avenue
New York, New York  10010
212-340-0400
>>> "KEITH SCHWAM" <kschwam@doi.nyc.gov> 5/23/2013 2:16 PM >>>
Good afternoon, A
pril and Susanna:

I am attaching a scanned copy of the letters addressed to each of the
Presiding Justices of the Appellate Division, First and Second
Judicial
Departments, informing the Appellate Division of the outcome of the
disciplinary proceedings involving Marshal Airday, with an attached
copy
of the Stipulation that has been executed between Marshal Airday, his
attorney, Howard B. Sterinbach, Esq., copied here, and the Department
of
Investigation.  As indicated in the attached documents, under the

Stipulation, Marshal Airday, who has been suspended since June 12, 2012,
paid a fine of $7,500 to DOI as the penalty for one disciplinary charge,
with the two remaining charges having been withdrawn, and DOI agreed to
request that the Appellate Division lift the suspension.

The original signed documents will be hand-delivered to your courthouses today.

Thank you for your consideration of this matter.

I am available if there are any questions.

Respectfully submitted,


Keith Schwam
Assistant Commissioner
NYC Department of Investigation
212 825-5958
kschwam@doi.nyc.gov




Confidentiality Notice: This e-mail communication, and any attachments,
contains confidential and privileged information for the exclusive use
of the recipient(s) named above. If you are not an intended recipient,
or the employee or agent responsible to deliver it to an intended
recipient, you are hereby notified that you have received this
communication in error and that any review, disclosure, dissemination,
distribution or copying of it or its contents is prohibited. If you have
received this communication in error, please notify me immediately by
replying to this message and delete this communication from your
computer. Thank you.




Confidentiality Notice: This e-mail communication, and any attachments,
contains confidential and privileged information for the exclusive use
of the recipient(s) named above. If you are not an intended recipient,
or the employee or agent responsible to deliver it to an intended
recipient, you are hereby notified that you have received this
communication in error and that any review, disclosure, dissemination,
distribution or copying of it or its contents is prohibited. If you have
received this communication in error, please notify me immediately by
replying to this message and delete this communication from your
computer. Thank you.




Confidentiality Notice: This e-mail communication, and any attachments,
contains confidential and privileged information for the exclusive use
of the recipient(s) named above. If you are not an intended recipient,
or the employee or agent responsible to deliver it to an intended
recipient, you are hereby notified that you have received this
communication in error and that any review, disclosure, dissemination,
distribution or copying of it or its contents is prohibited. If you have
received this communication in error, please notify me immediately by
replying to this message and delete this communication from your
computer. Thank you.




Confidentiality Notice: This e-mail communication, and any attachments,
contains confidential and privileged information for the exclusive use
of the recipient(s) named above. If you are not an intended recipient,
or the employee or agent responsible to deliver it to an intended
recipient, you are hereby notified that you have received this
communication in error and that any review, disclosure, dissemination,
distribution or copying of it or its contents is prohibited. If you have
received this communication in error, please notify me immediately by
replying to this message and delete this communication from your
computer. Thank you.

# EXHIBIT DD

**From:** Aprilanne Agostino [aagostin@courts.state.ny.us]
**Sent:** Tuesday, June 11, 2013 10:31 AM
**To:** KEITH SCHWAM; Susanna Rojas
**CC:** Marjorie Landa; hsterinbach@wll-law.com
**Subject:** Re: City Marshal George Airday - Stipulation (With Attachment)
**Attachment(s):** "Joint Administrative Order JADM 2013-5 Marshal Airday Propose_1.pdf"

I think I forgot to attach it !!  Sorry


Aprilanne Agostino
Clerk of the Court
Supreme Court of the State of New York
Appellate Division, Second Judicial Department
45 Monroe Place
Brooklyn, New York 11201
Tel.: (718) 722-6314
Fax:  (646) 963-6595 aagostin@courts.state.ny.us

>>> Aprilanne Agostino 6/11/2013 11:23 AM >>>
Hi All

Attached is an order issued by the Appellate Divisions for the First and Second Department in the above referenced matter.

A hard copy will be sent to the parties in the mail.

April


Aprilanne Agostino
Clerk of the Court
Supreme Court of the State of New York
Appellate Division, Second Judicial Department
45 Monroe Place
Brooklyn, New York 11201
Tel.: (718) 722-6314
Fax:  (646) 963-6595 aagostin@courts.state.ny.us

>>> "KEITH SCHWAM" <kschwam@doi.nyc.gov> 5/23/2013 5:13 PM >>>
From DOI's perspective, this is not a problem, it is the Courts' process and June 5 is a reasonable time frame of less than two weeks.

April, Susanna, I appreciate your willingness to work together to draft the order. I will only repeat that if having DOI submit a draft that you could work with would be helpful to you and the Courts, we are available to do that, just let me know.

Thanks to all.



Keith Schwam
Assistant Commissioner
NYC Department of Investigation
212 825-5958
kschwam@doi.nyc.gov

>>> "Susanna Rojas" <SROJAS@courts.state.ny.us> 5/23/2013 4:34 PM >>>
The earliest I can get approval is June 3rd.

Susanna Molina Rojas
Clerk of the Court
Appellate Division, First Department
27 Madison Avenue
New York, New York  10010
212-340-0400
>>> Aprilanne Agostino 5/23/2013 4:31 PM >>>
Thanks guys.  I think we can probably draft something, though not until next week.  And I probably could not get the court's approval until June 5.  Is that a problem ?


Aprilanne Agostino
Clerk of the Court
Supreme Court of the State of New York
Appellate Division, Second Judicial Department
45 Monroe Place
Brooklyn, New York 11201
Tel.: (718) 722-6314
Fax:  (646) 963-6595 aagostin@courts.state.ny.us

>>> Susanna Rojas 5/23/2013 4:22 PM >>>
Whatever April wants to do is fine with me.  I will wait to hear from her.

Thanks.

Susanna Molina Rojas
Clerk of the Court
Appellate Division, First Department
27 Madison Avenue
New York, New York  10010
212-340-0400
>>> "KEITH SCHWAM" <kschwam@doi.nyc.gov> 5/23/2013 4:25 PM >>>
Susanna,

If you would like me to draft it, I can do that, or if that is
something you prefer to have done by and between the two departments. I
will do whichever is preferable to the courts.

Thank you.
Keith

>>> "Susanna Rojas" <SROJAS@courts.state.ny.us> 5/23/2013 4:16 PM >>>
Keith, I received the hard copy.  Are we preparing the joint order
lifting the stay?

Susanna Molina Rojas
Clerk of the Court
Appellate Division, First Department
27 Madison Avenue
New York, New York  10010
212-340-0400
>>> "KEITH SCHWAM" <kschwam@doi.nyc.gov> 5/23/2013 2:16 PM >>>
Good afternoon, April and Susanna:

I am attaching a scanned copy of the letters addressed to each of the
Presiding Justices of the Appellate Division, First and Second
Judicial
Departments, informing the Appellate Division of the outcome of the
disciplinary proceedings involving Marshal Airday, with an attached
copy
of the Stipulation that has been executed between Marshal Airday, his
attorney, Howard B. Sterinbach, Esq., copied here, and the Department
of
Investigation.  As indicated in the attached documents, under the
Stipulation, Marshal Airday, who has been suspended since June 12,
2012,
paid a fine of $7,500 to DOI as the penalty for one disciplinary
charge,
with the two remaining charges having been withdrawn, and DOI agreed
to
request that the Appellate Division lift the suspension.

The original signed documents will be hand-delivered to your
courthouses today.

Thank you for your consideration of this matter.

I am available if there are any questions.

Respectfully submitted,


Keith Schwam
Assistant Commissioner
NYC Department of Investigation
212 825-5958
kschwam@doi.nyc.gov




Confidentiality Notice: This e-mail communication, and any
attachments,
contains confidential and privileged information for the exclusive use
of the recipient(s) named above. If you are not an intended recipient,
or the employee or agent responsible to deliver it to an intended
recipient, you are hereby notified that you have received this
communication in error and that any review, disclosure, dissemination,
distribution or copying of it or its contents is prohibited. If you
have
received this communication in error, please notify me immediately by
replying to this message and delete this communication from your
computer. Thank you.


Confidentiality Notice: This e-mail communication, and any attachments,
contains confidential and privileged information for the exclusive use
of the recipient(s) named above. If you are not an intended recipient,

or the employee or agent responsible to deliver it to an intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and delete this communication from your computer. Thank you.


Confidentiality Notice: This e-mail communication, and any attachments, contains confidential and privileged information for the exclusive use of the recipient(s) named above. If you are not an intended recipient, or the employee or agent responsible to deliver it to an intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and delete this communication from your computer. Thank you.

NYCE000921

JOINT ADMINISTRATIVE ORDER 2013-5

The Appellate Division of the Supreme Court, First Judicial Department, and the Appellate Division of the Supreme Court, Second Judicial Department, pursuant to the authority vested in them by law and by Section 1610 of the New York City Civil Court Act, and the provisions of Joint Administrative Orders Nos. 453 and 456 of the Appellate Divisions for the First and Second Judicial Departments, in recognition that (1) Charges two and three contained in the Charges and Specifications against City Marshal George Airday, Badge No. 7, dated May 30, 2012, have been withdrawn, and (2) by Stipulation dated May 20, 2013, the parties have reached an agreement with respect to Charge one of the aforementioned Charges and Specifications, which agreement constitutes a final disposition of that Charge and provides, among other things, that the Department of Investigation ("DOI") of the City of New York, will immediately seek an order from the Appellate Divisions lifting the suspension imposed upon City Marshal George Airday by Joint Administrative Order 2012-1 of the Appellate Divisions for the First and Second Judicial Departments, and upon application for such relief by DOI, do hereby jointly order as follows:

ORDERED that the suspension of Marshal George Airday, Badge No. 7, from the office of New York City Marshal contained in Joint Administrative Order 2012-1 is hereby vacated.

FOR THE FIRST DEPARTMENT



LUIS A. GONZALEZ
Presiding Justice

Dated: New York, New York
June 6, 2013

FOR THE SECOND DEPARTMENT



RANDALL T. ENG
Presiding Justice

Dated: Brooklyn, New York
June 5, 2013

NYCE000922

# EXHIBIT EE



### The City of New York
### Department of Investigation

ROSE GILL HEARN
COMMISSIONER

80 MAIDEN LANE
NEW YORK, NY 10038
212-825-5900

Confidential

To:        File

From:      Keith Schwam

Subject:   Appointment of New City Marshal to Succeed City Marshal George Airday

Date:      October 23, 2013

      I am recommending that one of the four prospective new City Marshals be appointed to succeed City Marshal George Airday, Badge No. 7, upon expiration of his term on December 20, 2013. Marshal Airday was the subject of recent disciplinary action summarized in the attached Stipulation dated May 20, 2013. In June 2012, Marshal Airday was suspended by order of the Appellate Division pending proceedings on disciplinary charges filed by DOI, a copy of which was made part of the attached Stipulation. Marshal Airday remained suspended for approximately one year, until June 14, 2013, and as provided by the Stipulation, paid a fine of $7,500 as the penalty for his failure to provide DOI with the documents specified in Charge One, which is quoted below.

Charge One    New York City Marshals Handbook of Regulations,
Chapter I, § 1-9 (a), (b)

      From on or about January 31, 2012 continuing through the present, you interfered and failed to cooperate fully with an investigation by the Department of Investigation ("DOI") concerning (1) handguns that may have been in your possession or custody at various times and (2) one or more handgun licenses you obtained from the New York City Police Department ("NYPD") based in whole or part on your occupation as a New York City Marshal. Specifically, on January 30, 2012, DOI directed that you provide to DOI by the next day copies of any correspondence and notices you received from the NYPD on or after December 22, 2011 regarding your handgun license(s), and any and all relevant records in your custody or control, including but not limited to (1) copies of all applications for handgun license(s) and renewals, (2) records reflecting the loss, theft, or

NYCE000987

Confidential
Appointment of New City Marshal to Succeed City Marshal George Airday
Page 2 of 3

transfer of any handgun and any notifications to the NYPD of such loss, theft or transfer, and (3) any and all records reflecting or related to (a) a Derringer .22-caliber handgun, and (b) your acquisition of a .25-caliber Hawes handgun listed in an NYPD Property Claims Invoice as having been recovered from your residence. You have failed and refused to provide the above-described documents and records to DOI and have indicated that it is your intention not to produce those documents and records unless and until formal disciplinary charges are filed.

On June 14, 2013, after the final disposition of the above-quoted disciplinary charge through the Stipulation, Marshal Airday, accompanied by his attorney, Howard B. Sterinbach, Esq., appeared and testified under oath at DOI in the investigation concerning Marshal Airday's handguns and handgun licenses. In sum and substance and pertinent part Marshal Airday testified that he had acquired the abovementioned .25-caliber Hawes handgun in 1980 from a City probation officer, had kept it in his safe, and never listed it on any of his gun license applications and renewal applications filed with the NYPD. (Consequently, it was an unlicensed gun.) Marshal Airday acknowledged that he filed a number of such applications throughout his tenure as a City Marshal, which began in 1984, and that the application forms instructed him to list all of his guns. His explanation in sum and substance for his repeated failures to list the .25-caliber Hawes handgun was that he forgot about that gun. He also acknowledged having told his previous attorney a different version of how and from whom he obtained the same gun, which his then-attorney communicated on his behalf to DOI in a letter dated January 20, 2012, copied to Marshal Airday. Specifically, according to that letter, the "unlicensed gun…belong[ed] to his father and when his father passed away the marshal put it in his safe for safekeeping." On June 14, the marshal testified that after having so informed his then-attorney he found a handwritten receipt for the gun dated October 10, 1980, which he produced at the interview, and which he said reflected the transfer of the gun from the probation officer to him.[1]

On June 14, 2103, Marshal Airday also acknowledged that from December 22, 2011 to January 18, 2012, while he was under an obligation to surrender all of his guns to the NYPD pursuant to a criminal court order of protection, the second gun mentioned in Charge One, the .22-caliber Derringer, remained in his possession. He asserted it was in his safe throughout that time without his knowledge. Marshal Airday's explanation in sum and substance was that he believed that all of his guns had been removed from his safe by an NYPD officer on December 22, 2011. In fact, NYPD records indicate that the NYPD officer found and removed five guns from Marshal Airday's safe on December 22, 2011 and provided Marshal Airday with an itemized inventory, which included the above-mentioned .25-caliber Hawes. The Derringer was not found or removed by the officer and therefore was not on his inventory. Marshal Airday testified that he did not read the inventory "carefully." He further testified that he did

---

[1] A copy of this document was first provided to DOI by Marshal Airday's attorney on April 11, 2013.

Confidential
Appointment of New City Marshal to Succeed City Marshal George Airday
Page 3 of 3

not know that the Derringer had remained in his possession after December 22, 2011 until an NYPD detective came to his residence on January 18, 2012 and removed it from his safe.

NYPD separately informed DOI that the detective went to Marshal Airday's office and residence on January 18, 2012 after the NYPD licensing division reported discrepancies between the December 22, 2011 inventory and the guns listed on Marshal Airday's licenses. Those discrepancies included the presence of the unlicensed .25-caliber Hawes handgun on the inventory of guns removed from Marshal Airday's safe on December 22, 2011 and the absence of the licensed Derringer from that inventory.

Section 1601 of the New York City Civil Court Act provides in part, "No more than eighty-three city marshals shall be appointed by the mayor. Upon the expiration of the terms of office of the duly appointed incumbents the mayor shall appoint their successors for terms of five years." My recommendation is that a successor be appointed to the office that Marshal Airday currently holds, which after the expiration of his term on December 20, 2013, "shall be deemed vacant for the purpose of choosing his successor." Public Officers Law § 5.

# EXHIBIT FF



THE CITY OF NEW YORK
OFFICE OF THE MAYOR
NEW YORK N.Y. 10007

December 21, 2013

Mr. Frankie J. Alvarez

█████████████████████

Dear Mr. Alvarez:

      Following the recommendation of the Mayor's Committee on City Marshals, and pursuant to the powers vested in me as Mayor by Section 1601 of the New York City Civil Court Act, I hereby appoint you to the position of City Marshal, Badge No. 7, for a five-year term that will expire December 20, 2018.

      On behalf of all New Yorkers, I send my congratulations and I wish you great success as you begin your work as a City Marshal.

Sincerely,

*Michael R. Bloomberg*

Michael R. Bloomberg
Mayor

MRB:jb

cc: Rose Gill Hearn
    Peter Madonia
    Keith Schwam

D000631

# EXHIBIT GG



The City of New York
Department of Investigation

ROSE GILL HEARN
COMMISSIONER

80 MAIDEN LANE
NEW YORK, NY 10038
212-825-5900

December 23, 2013

Mr. George Airday
5720 Mosholu Avenue
Bronx, NY 10471

Dear Mr. Airday:

By letter dated January 22, 2009 you were notified that you were reappointed to the office of City Marshal, Badge No. 7, for the remainder of a five-year term expiring December 20, 2013 (copy attached). Your term of office has expired. In accordance with Section 1601 of the New York City Civil Court Act ("CCA"), your successor has been appointed to that office. Accordingly, your service as a City Marshal has ended.

You must surrender your badge and City Marshal identification card forthwith.[1] Please contact this office for additional information regarding the procedure for termination of office. Thank you for your cooperation.

Sincerely,

Keith Schwam
Assistant Commissioner

---

[1] CCA Section 1602 provides, in part, "Every city marshal shall forthwith surrender his official badge to the city clerk upon the expiration of his term or upon the vacation of his office for any reason and the city clerk is hereby authorized to refund the sum originally charged therefor. Any person violating the provisions of this section shall be punished by imprisonment for a term not exceeding thirty days or a fine not exceeding two hundred dollars for each offense." *See also NYC Marshals Handbook of Regulations*, Ch. X, Sections 1-8, "Badge and Identification," and 4, "Termination of Office Procedure."

NYCE000996

# EXHIBIT HH

**From:** KEITH SCHWAM [MS029@doi.nyc.gov]
**Sent:** Friday, January 24, 2014 1:38 PM
**To:** DIANE STRUZZI
**Subject:** Fw: Fwd: FW: doi
**Attachment(s):** "Lawsuit vs NYC & DOI v2.doc"

>>> "CAROLINE TANG-ALEJANDRO" <calejandro@doi.nyc.gov> 1/24/2014 1:31:01 PM >>>
KS -

This is the e-mail from Andrew Sandler of Councilman Andrew Cohen's (Bx) office.

Caroline Tang-Alejandro
Chief Investigator
NYC Department of Investigation
Bureau of City Marshals
   & Public Administrators
Tel #:  212-825-5953
CALEJANDRO@DOI.NYC.GOV

>>> "Sandler, Andrew" <ASandler@council.nyc.gov> 1/24/2014 12:48 PM >>>
Caroline,

As per our conversation please see the attached letter from the constituent who would like to remain anonymous.
Please let me know that you received it. Thank you.

Andrew Sandler
Office of Council Member Andrew Cohen
3636 Waldo Avenue Bronx, NY 10463
718-549-7300

**From:** George Airday, City Marshal #7 [mailto:marshal7airday@aol.com]
**Sent:** Friday, January 17, 2014 1:04 PM
**To:** Sandler, Andrew
**Cc:** nagyur@aol.com
**Subject:** doi

Andrew Sandler,

I appreciate your interest and attention in this matter. Initially, I would prefer to have my concerns with DOI and Paylock reported anonymously. At a later date, when the matter is being examined, I am prepared to testify to my knowledge of the circumstances and facts concerning misconduct by the agencies and companies involved.
George Airday, ex-City Marshal #7
5720 Mosholu Avenue
Bronx, New York 10471
www.nycmarshal.org

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain CONFIDENTIAL or PRIVILEGED material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

Confidentiality Notice: This e-mail communication, and any attachments, contains confidential and privileged information for the exclusive use of the recipient(s) named above. If you are not an intended recipient, or the employee or agent responsible to deliver it to an intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and delete this communication from your computer. Thank you.

1   CITY MARSHAL OFFICE TERMINATED, A History

2

3   As a public service and evidence of my commitment to professional standards as a public
4   official, during the year-long while the criminal case was proceeding through the Bronx Court
5   system and I was suspended from collecting fees or expenses for my services, I maintained the
6   office of the City Marshal at my own expense, responding to inquiries, forwarding checks and
7   correspondence, transferring and updating files to Marshal Biegel and cooperating in every way
8   with DOI; providing a seamless transition for the courts, plaintiffs and debtors.

9   Although directed by Schwam, the director of the Marshals Bureau and an Assistant
10  Commissioner of the Department of Investigation, to close my office, I handled the work of my
11  office despite the fact that I was no longer earning any fees or being reimbursed for expenses
12  as a public service.

13  Despite my stellar record and professional work as a Marshal during four Mayoral
14  administrations, Schwam did not waiver in his determination to be rid of me despite my stellar
15  career over 30 years and commitment to the successful management of my office despite the
16  expenses and effort required to operate the Marshals office without compensation.

17  In contrast, other marshals were allowed to continue keeping their office open even during
18  their suspension-even when the offense involved their role as a city marshal-while the charges
19  were pending (See Marshals Schane, Marchisotto)

20  It is noteworthy that prior to a review of the facts and without waiting the results of the
21  criminal case against me Schwam demanded that I resign (see letter 1/19/2012, Attachment A).
22  I was also suddenly removed from the Scofflaw Enforcement Program (the main source of my
23  work as a Marshal) immediately after my arrest. Schwam improperly restricted me from
24  performing my normal marshal duties even before OATH charges were filed that suspended me
25  on or about June 12, 2012 during the pendency of the court case.  Significantly, marshals were
26  usually allowed to maintain their office during the pendency of any court proceeding and
27  finding of guilt and reinstated following dismissal of charges. All charges against me were
28  dismissed and the record sealed after a court trial where all the facts were reviewed.

29

30  Schwam damaged my position as a city marshal prior to any finding of law or fact. Further, in
31  violation of the Marshal Manual's regulations, Schwam demanded that I answer questions
32  concerning a pending criminal matter and charged me with "Failure to cooperate" in the OATH

        ;

NYCE000970

33  filing. Regrettably, I was subject to his capricious style of supervision (and whims). For reasons
34  known to him, Schwam was waiting for an opportunity to get rid of me.

35

36  After the OATH specifications were dismissed, to assuage Schwam's animosity and anger at me
37  for challenging his order to resign or face charges, I agreed to a stipulated settlement and paid
38  a $7500 fine and agreed to answer all questions voluntarily. I was reinstated as a marshal on
39  June 14, 2013 by Schwam after a full 3+ hour long hearing, voluntarily answering all questions
40  put to me. Present were K. Schwam, Director of the Marshals Bureau and an Associate
41  Commissioner of DOI, Caroline Tang-Alejandro, Special Investigator, H Sterinbach, my attorney,
42  and myself.

43

44  This item referred to a violation of Order of Protection and possession of an inadvertently and
45  forgotten unregistered gun (given to me 30+ years ago when I was a Peace Officer, and never
46  fired) charges dismissed after bench trial. I waived right to contest these charges.

47

48  **While it is the NYC Civil Court Act Sect 1602 states that a Marshal may be replaced without**
49  **cause….This is true for all Marshals whose terms expire; a marshal whose term has expired**
50  **can be replaced at will. However, this has never occurred without filing of charges. An active**
51  **Marshal always continued in office as a "Holdover" after his term of office expired unless**
52  **removed by the filing of charges or by resignation. My agreement to the stipulation was pro-**
53  **forma. The option to terminate is in the law whether or not I had agreed to the stipulation.**

54  My premises and carry license were returned to me after a full hearing by the NYPD's License
55  Division. (Hearing before Arlynne Lowell, Esq 8/15/2013). My firearms were also returned by
56  the NYPD Property Clerk's office.

57  REOPENING OFFICE

58  I worked diligently to reactivate my Office; performing any assignment available including
59  requests to work as an associate marshal for CM Schane, CM J Rose, CM Daley, CM Burko, CM L
60  Swift and CM I Rivera in the Booting Program and services as an associate marshal executing
61  Landlord and Tenant warrants; I was also approved by the Sheriff to work as an associate
62  Marshal in the PayLock/Booting program.

63  Additionally, I solicited attorneys, collection agencies, Scofflaw Enforcement program Director,
64  Mr. Louis Jordan (see correspondence 6/13/13 with the Sheriff's Office "asking for a copy of the
65  disposition") and Con Ed to obtain assignments as previously issued to execute court mandates
        ;

NYCE000971

66    for their respective programs.

67    Executed L&T warrants for CMs Daley, R Burko and applied for and served eviction warrants for
68    pro-se Plaintiff landlords. Further numerous Small Claims plaintiffs who were responding to my
69    website and referred by other marshals were served by my office.

70    On 12/3/13 at about 2:30 PM (see 11/26/13 email) I went to DOI and was photographed for
71    new ID card, When I asked Caroline Tang-Alejandro, chief investigator, why I wasn't notified by
72    email as the other CMs (see list of CMs emailed), she said that "They have your picture in the
73    system." I was told to sit for the photos that were taken by the DOI photographer.

74    On 12/20/13 called DOI regarding permission to close my office during the Xmas and New
75    Year's Holiday. The approval was given and we were told that closing is OK with Faxed notice to
76    DOI.  She requested the name of a person who will get mail. Gave her the name of Matthew,
77    my son.

78    On 12/23/13 at app 6:05 PM received a call from Schwam demanding to know who is available
79    to receive a letter. I said that DOI was advised that office is closed. He wanted to have someone
80    accept letter in person….I said that, unfortunately, the office is closed but the mail will get
81    picked up from the mailbox.

82    On 12/24/13 I called Blaikie Group to ensure that a current and valid Surety Bond is available to
83    present to Wendy Lopez, at NYC Clerk's Office, required to obtain the Marshal's ID card. My
84    existing ID card expires 12/31/13. She looked through cards and told me that my card is not
85    among them.

86    FIRED AS A MARSHAL

87    **In a letter dated Dec 23, 2013 (and left under the door to my closed office) Schwam advised**
88    **me that my term of office has expired as of 12/20/2013 and that a "successor has been**
89    **appointed to that office. Accordingly, your service as a City Marshal has ended." (Attachment**
90    **A)**

91    On 12/26/13 at about 4:45 PM called DOI and Schwam answered. (Recorded call). I asked
92    about my ID card. KS said that my badge had been reassigned and that a letter was left under
93    the roll-down gate of my office. I told him that there was no advance notice and that I intend to
94    contact my lawyer, Mayor Bloomberg, incoming mayor DiBlasio, Rose Gill Hear, DOI
95    Commissioner, my Councilman, Andrew Cohen as well as the media (Juan Gonzalez) regarding
96    this matter.

97

       ;

NYCE000972

98   SOME ILLUSTRATIVE ISSUES WITH DOI & THE MARSHALS BUREAU

99   The PayLock Scofflaw program is an improper no-bid over 500 million dollar contract pushed by
100  the Finance Commissioner, David Frankel, tailored for that one vendor without the usual strict
101  review that PVB and DOI have previously exercised when selecting a contractor, such as a tow
102  or moving company. Before the contract with PayLock was signed the DOF did not permit the
103  document to be copied; the contract between PayLock and the NYC Dept of Finance could only
104  be read in the commissioner's office. The Standard Operating Procedure was and remains quite
105  sketchy. In violation of the VTL a scofflaw vehicle is not seized even when its registration was
106  expired or invalid. Towing of a vehicle only occurs (according to internal guidelines) when
107  parked in a no standing zone, hydrant, curb-cut, it's uninspected or inspection sticker is expired,
108  or it's a known 'runaway.' Paylock's field agents (formerly "punchers" or tow drivers) are given
109  access to the BootView system that gives a non-judicial employee the authority to execute on a
110  scofflaw judgment. Prior to Paylock's entry into the Scofflaw program, passcode assignment for
111  PVB execution of judgments strictly prohibited any non-marshal from executing on a judgment.

112  The sudden unannounced stoppage by Schwam violates professional standards ostensibly
113  required for the management of a quasi-judicial office, interfering and disrupting the legal
114  process for plaintiffs, debtors and their agents. Their rights to due process have also been
115  adversely affected. The numerous ongoing cases in my office are disrupted by the
116  unprofessional extra-judicious action of Schwam, an Assistant Commissioner, whose conduct in
117  this and other matters raises important issues concerning his temperament and suitability to
118  exercise his role as the Director of the Marshals Bureau.

119  LEGAL ACTION NEEDED

120  1   Suit (possibly class-action suit on behalf of city marshals, past and present) naming
121      former Mayor Bloomberg, former head of DOI, Rose Gill-Hearn, K Schwam, Director
122      Marshals Bureau and Asst Commissioner DOI, Peter Madonia, former head of Mayor's
123      Committee on City Marshals, Ken Kelly, former Executive Director of Marshals
124      Association for participating and playing an active role in voiding my appointment as a
125      city marshal. (see Marchisotto suit incidentally charging Schwam with retailiation for
126      filing suit vs NYC and the NYPD. See former Fire Marshal Kregler suit naming Schwam
127      and Gil-Hearn as the main parties to canceling his appointment as a city marshal)

128  2   Class-action status can be established due to the improper and illegal action taken by
129      DOI in their official role and under the flag of the administrative rules to deprive and
130      prevent marshals from exercising their rights and responsibilities as citizens and officers
131      of the court.

        ;

NYCE000973

132   3   Schwam's bullying tactics and actions conspiring, supervising and directing these
133       damaging actions against me.

134   4   It is necessary to depose UNDER OATH  DOI Marshal Bureau staff, including Teresa
135       Pinckney, Investigator, Caroline Tang-Alejandro, Chief Investigator, Flo Paulino, Chief
136       Accountant, Schwam concerning their knowledge on Bureau procedure and patterns of
137       discrimination concerning marshals, programs such as the Scofflaw Program, Con Ed. It's
138       important to uncover how DOI tolerates violation of its own rules with prejudice and
139       reveal the patterns.

140   5   Must file FOIL request to obtain my file. Depose Schwam and staff concerning all activity
141       concerning my application for reappointment and decision on the re-assignment of my
142       badge. We must demand disclosure of all communication (phone logs, emails and
143       messages) between Mayor's Committee chair, Peter Madonia and Mayor Bloomberg,
144       Schwam and his agents regarding my status as a city marshal. What grounds were used
145       to make decision? What work was performed on my file including application for
146       reappointment?

147   6   The sudden and unannounced summary shutting of my active office is unprecedented
148       and injurious to the welfare of the Civil Court system, including plaintiffs, debtors and
149       the judicial process.

150   7   The Bureau's disciplinary actions concerning marshals are especially relevant; there are
151       no objective rules on the extent or severity of punitive action(s) taken by Schwam
152       regarding marshals; his actions are **arbitrary and capricious!**

153   While certain favored marshals (Bienstock see B/Ls PXs, Locascio use of lights and sirens,
154   giving his process server and driver official insignias, parking plaque, using tow company
155   cars from personal and business functions, Rivera accepted free rent, utilities etc from J&S
156   tow Co owner, Gary and Jeff Rose numerous violations of rules, falsifying official records
157   false address of towed location, towing outside assigned area, being absent during tow)
158   reportedly in serious violation of marshals Handbook, the CPLR, and even those found to
159   have committed criminal acts, may receive a slap on the wrist, a small fine, etc., while a
160   marshal who has been found not guilty, exonerated and done nothing illegal or in violation
161   of rules can be targeted by Schwam in numerous ways, such as his refusal to provide letter
162   of need for a Carry Permit, blackballing from City Run program (e.g. Scofflaw Program run
163   by the Sheriff), frequent demands, inquiries, esp. Friday afternoon, etc. used to harass and
164   intimidate. Marshals thus targeted by Schwam generally get the message and quietly resign
165   rather than face Schwam's wrath.

;

NYCE000974

166    HISTORICAL NOTE:

167    I was appointed as a City Marshal in February 1984 by Mayor Koch after serving over 7 years as
168    a Probation officer in the NY State Supreme Court and Probation and Parole Officer in the
169    Southern District of NY, 2nd Judicial District. My service spanned the terms of 4 Mayors and
170    almost 30 years until Keith Schwam summarily and imperiously re-assigned my badge number,
171    in effect summarily and instantly firing me a few days before Christmas.

172    His personal style and blatantly biased manner is picking marshals and using his position to
173    promote or harass some while ignoring and condoning the misconduct of other marshals and
174    associated contractors (such as Con Ed), and large collection agencies and law firms working
175    with and using marshals is well-known.

176    As the Assistant Commissioner of DOI in charge of City Marshals and the Sheriff's office,
177    Schwam has been strangely silent while the Scofflaw program was shut down and over a
178    hundred workers fired, nearly a dozen towing and storage companies put out of business, a
179    long-time computer service provider, Pathways, who was the architect of the computerized
180    scofflaw program transforming a highly monitored program, unceremoniously dismissed and
181    dropped. The sudden introduction of PayLock's booting program, a loosely run operation
182    headquartered  in New Jersey, without required legal safeguards for the City, Marshals, the
183    debtors or the personnel running the program reminds one of other scandals that have been
184    associated with the PVB program.

185    Schwam's effort alongside the DOF Commissioner, David Frankel, has been to keep problems
186    under the radar and avoid unwelcome attention to the program scofflaws suffer no criminal or
187    civil penalty as a consequence to stealing, breaking or removing a boot. Any legal attention,
188    challenge or publicity is avoided in order to keep the program operational.

189    By his actions and omissions Schwam has effectively de-professionalized and violated his oath
190    of office and must be sanctioned and removed as unsuitable due to his injudicious
191    temperament.

192    ISSUES:

193    Re-assignment of an active marshal's badge is unprecedented; in my nearly 30 years as a
194    Marshal I have never known of this happening. There are fewer than 45 active Marshals (at
195    least 5 have recently resigned: Bruce Kemp, Bob Bosch, J Janof, Bruce Frankenberg, and Joseph
196    Jacobs. Thus there were over 40 unassigned badge numbers (the maximum CMs permitted by
197    law is 83).

         ;

NYCE000975

198   Until Schwam's call on 12/23/13 there was no notice to me that my office is scheduled to be
199   summarily terminated on 12/21/13. The practice has been to have Marshals who were NOT
200   reappointed ( a very common practice, at times most Marshals were in this category, while it is
201   unknown precisely <u>how many marshals are Holdovers</u> , it is estimated that at least 50% of the
202   Marshals whose term expired continue serving in the "Holdover" category. I have never known
203   a marshal who had his badge reassigned and forced to close his office suddenly. There is no
204   precedent for doing what Schwam did to me.

205   In August 2013 I submitted a detailed questionnaire to DOI required for reappointment. See
206   Cert Recpt. (Notified Caroline Tang-Alejandro on 7/31/13 requesting application form). To this
207   date, I have not received a response.

208   The disparate treatment by Schwam toward certain marshals (reportedly based on his personal
209   feelings) is well known. However, my treatment by Schwam is extreme, unprecedented and
210   improper. It is also interesting that very little of what Schwam does is put in writing. Much of
211   what occurs at the Bureau is kept secret from the targeted marshal, including his private file.

212   **<u>Need to file a FOIL request</u>**.

213   Legal action: Article 78, Federal Civil Rights (see attorney for William Kregler, former Fire
214   Marshal, vs. City of New York, NY Southern District, 1:2008cv06893, District Judge Victor
215   Marrero, whose appointment as a City Marshal was canceled by Schwam).

;

NYCE000976