PTX 35

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FIONA SCHAER (nee GINTY), ANDREW SCHAER,

                        Plaintiffs,

-against-

CITY OF NEW YORK, CITY MARSHAL JEFFREY ROSE in his individual and official capacity, JOHN DOES 1 through 8 [of whom two are John Valencia and Louis Ramirez],

                        Defendants.

------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

09 Civ. 7441 (RA)(MHD)

       **WHEREAS,** plaintiffs Fiona Schaer and Andrew Schaer commenced this action by filing a complaint on or about August 25, 2009, and an amended complaint on May 3, 2010, alleging that defendants City of New York and Marshal Jeffrey Rose violated plaintiffs' federal civil and state common law rights; and

       **WHEREAS,** defendants have denied any and all liability arising out of plaintiffs' allegations; and

       **WHEREAS,** the parties now desire to settle this matter to avoid litigation;

       **WHEREAS,** the settlement does not indicate any fault or liability on the part of any party;

       **WHEREAS,** plaintiffs have authorized their counsel to settle this matter on the terms set forth below;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in the amounts specified in paragraphs "2" and "3" below.

2. The City of New York hereby agrees to pay plaintiffs Fiona Schaer and Andrew Schaer, collectively, the sum of **Ten Thousand ($10,000) Dollars** in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiffs agree to the dismissal of all the claims against defendant City of New York and to release defendant City of New York, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Marshal Jeffrey Rose hereby agrees to pay plaintiffs Fiona Schaer and Andrew Schaer, collectively, the sum of **Two Thousand Five Hundred ($2,500) Dollars**, and Lambert & Shackman, PLLC hereby agrees to pay plaintiffs Fiona Schaer and Andrew Schaer, collectively, the sum of **Two Thousand Five Hundred ($2,500) Dollars** in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiffs agree to the dismissal of all the claims against defendant Marshal Jeffrey Rose and to release defendant Marshal Jeffrey Rose, and any present or former employees and agents of Marshal Rose from any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

4. Simultaneously, with the execution of this Stipulation, plaintiffs shall each execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

5. Simultaneously, with the execution of this Stipulation, plaintiffs shall each execute and deliver to defendant Jeffrey Rose's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

6. This settlement stipulation is made solely for the purposes of avoiding litigation. The settlement does not indicate any fault or liability on the part of any party. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the

State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

8. Plaintiffs agree to hold harmless the defendants regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

9. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
2-21, 2012

EUGENE CUNNINGHAM
*Attorney for plaintiffs*
206 Glen Street, Suite 56
Glens Falls, New York 12801

By: _____
Eugene Cunningham
*Attorney for plaintiffs*

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendant City of New York*
100 Church Street
New York, New York 10007
(212) 788-1652

By: _____
MATTHEW J. MODAFFERI
*Assistant Corporation Counsel*

LAMBERT & SHACKMAN, PLLC
*Attorneys for defendant Jeffrey Rose*
274 Madison Avenue
New York, New York 10016

By: _____
Thomas C. Lambert
*Attorney for Jeffrey Rose*

_____
Jeffrey S. Rose
City Marshal #67

SO ORDERED:

_____
U.S.D.J.
3/5/13

7