UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

GEORGE AIRDAY,

                                              Plaintiff,

                    - against -

THE CITY OF NEW YORK, KEITH SCHWAM, and
DAVID M. FRANKEL,

                                              Defendants.


------------------------------------------------------------------------- x

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S FIRST
REQUEST FOR
DOCUMENTS**

14 Civ. 8065 (RWS)

        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the Local Civil

Rules for the United States District Court for the Southern District of New York, defendants, by

their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respond and

object to Plaintiff's First Request for Documents as follows:

### GENERAL STATEMENTS AND OBJECTIONS

        1.      By responding to any request, defendants do not concede the materiality of

the subject to which it refers.  Defendants' responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding including

the trial of this action or any subsequent proceeding.

        2.      Defendants object to these Requests for Production to the extent that they

demand documents and/or information that are protected by the attorney-client or work-product

privilege, or constitute material prepared for litigation purposes.

produced by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, and/or are unduly burdensome, duplicative, overly broad, incapable of reasonable response, or seek information or documents that are neither relevant to plaintiff's claims nor reasonably calculated to lead to the discovery of admissible evidence.

9.    These general statements and objections apply to all of plaintiff's document requests, in addition to defendants' specific responses and objections, and are incorporated by reference into each and every response set forth below.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR DOCUMENTS

### DOCUMENT REQUEST NO. 1:

All documents in the custody or control of the New York City Department of Investigation pertaining to the plaintiff.

### OBJECTION AND RESPONSE TO REQUEST NO. 1:

Defendants object to Document Request No. 1 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing general and specific objections, Defendants refer plaintiff to the documents submitted herewith bearing Bates numbers D000001 through D000630, as containing documents that may be responsive to this request.

### DOCUMENT REQUEST NO. 2:

All documents in the custody or control of the Mayor's Committee on City Marshals pertaining to the plaintiff for the period from 2002 through the date of production.

**OBJECTION AND RESPONSE TO REQUEST NO. 2:**

   Defendants object to Document Request No. 2 on the grounds that it is vague, ambiguous, overbroad, excessive as to time, seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks production of documents that are excluded from public disclosure under New York City Civil Court Act § 1601(3).

**DOCUMENT REQUEST NO. 3:**

   All documents pertaining to plaintiff's performance as a City Marshal.

**OBJECTION AND RESPONSE TO REQUEST NO. 3:**

   Defendants object to Document Request No. 3 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing general and specific objections, Defendants refer plaintiff to the documents submitted herewith bearing Bates numbers D000001 through D000630, as containing documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 4:**

   All documents, including emails, letters, and other communications, pertaining to the reassignment of the plaintiff's City Marshal badge and the reasons for that reassignment.

**OBJECTION AND RESPONSE TO REQUEST NO. 4:**

   Defendants object to Document Request No. 4 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, assumes facts not admitted or otherwise established, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.  Subject

to and without waiving the foregoing general and specific objections, Defendants refer plaintiff to the documents submitted herewith bearing Bates numbers D000316 through D000327 and D000631, as containing documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 5:**

All documents pertaining to any applications for the plaintiff's City Marshal badge, including any applications submitted to the Bureau of City Marshals or the Department of Investigations for any City Marshal appointment that resulted in the assignment or appointment of City Marshal Badge #7.

**OBJECTION AND RESPONSE TO REQUEST NO. 5:**

Defendants object to Document Request No. 5 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, assumes facts not admitted or otherwise established, seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks documents concerning third parties who are not subject to this litigation. Subject to and without waiving the foregoing general and specific objections, Defendants states that documents bearing Bates numbers D000632 through D000713, will be produced upon the execution of an appropriate Protective Order.

**DOCUMENT REQUEST NO. 6:**

All documents pertaining to the reason or reasons why the plaintiff's office was not held over or continued or reappointed.

**OBJECTION AND RESPONSE TO REQUEST NO. 6:**

Defendants object to Document Request No. 6 on the grounds that it is vague, ambiguous, and incapable of reasonable response. Subject to and without waiving the foregoing general and specific objections, and construing this request as a demand for documents

concerning the decision to not reappoint plaintiff to a new term in or about December 2013, Defendants refer plaintiff to the documents submitted herewith containing Bates numbers D000001 through D000631, as containing documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 7:**

All transcripts of any proceedings or interviews of or regarding the plaintiff.

**OBJECTION AND RESPONSE TO REQUEST NO. 7:**

Defendants object to Document Request No. 7 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, defendants refer plaintiff to the documents submitted herewith bearing Bates numbers D000001 through D000631, as containing documents that might be responsive to this request.

**DOCUMENT REQUEST NO. 8:**

All policy statements, guidelines or procedures for the reappointment of City Marshals.

**OBJECTION AND RESPONSE TO REQUEST NO. 8:**

Defendants object to Document Request No. 8 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, seeks production of documents that are publicly available, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Defendants refer plaintiff to the documents submitted herewith bearing Bates numbers D000714 through D000944, as containing documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 9:**

All complaints by any City Marshal, other than plaintiff, about the City of New York's failure to reappoint any City Marshal.

**OBJECTION AND RESPONSE TO REQUEST NO. 9:**

Defendants object to Document Request No. 9 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks production of confidential and private information concerning third parties who are not subject to this lawsuit.

**DOCUMENT REQUEST NO. 10:**

All emails or other forms of communications regarding the plaintiff received to [sic] sent to Defendant Schwam using the search term "Airday" or "marshal7airday@aol.com."

**OBJECTION AND RESPONSE TO REQUEST NO. 10:**

Defendants object to Document Request No. 10 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, unduly burdensome, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 11:**

All emails or other forms of communications regarding the plaintiff from or sent to Defendant Frankel using the search term "Airday" or "marshal7airday@aol.com."

**OBJECTION AND RESPONSE TO REQUEST NO. 11:**

Defendants object to Document Request No. 11 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, unduly burdensome, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Defendants refer plaintiff to the documents submitted herewith bearing Bates numbers D000328 through D000630, as containing documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 12:**

All emails or other forms of communications regarding the plaintiff from or sent to the Mayor of the City of New York or to anyone in the office of the Mayor using the search term "Airday" or marshal7airday@aol.com.

**OBJECTION AND RESPONSE TO REQUEST NO. 12:**

Defendants object to Document Request No. 12 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, unduly burdensome, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Defendants refer plaintiff to the documents submitted herewith bearing Bates numbers D000328 through D000630, as containing documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 13:**

All emails or other forms of communications regarding IPT, LLC or the Paylock proposal ("Paylock") from or to Defendant Schwam using the search term "IPT" or "Paylock" or "Towlock" or "booting program."

**OBJECTION AND RESPONSE TO REQUEST NO. 13:**

Defendants object to Document Request No. 13 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, unduly burdensome, and because it seeks

production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 14:**

All emails or other forms of communications regarding IPT, LLC from or to Defendant Frankel using the search term "IPT" or "Paylock" or "Smartboot" or "Towlock" or "booting program."

**OBJECTION AND RESPONSE TO REQUEST NO. 14:**

Defendants object to Document Request No. 14 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, unduly burdensome, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 15:**

All documents in the possession of the Department of Investigation regarding the Paylock proposal and its approval.

**OBJECTION AND RESPONSE TO REQUEST NO. 15:**

DefDefendants object to Document Request No. 15 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, unduly burdensome, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 16:**

All documents in the possession of the Department of Finance regarding the Paylock proposal and its approval.

**OBJECTION AND RESPONSE TO REQUEST NO. 16:**

Defendants object to Document Request No. 16 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, unduly burdensome, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 17:**

All documents in the possession of the Law Department regarding the Paylock proposal and its approval.

**OBJECTION AND RESPONSE TO REQUEST NO. 17:**

Defendants object to Document Request No. 17 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, unduly burdensome, seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks production of documents protected by the attorney-client privilege, the attorney work product doctrine, and/or the privilege regarding materials prepared in anticipation of litigation.

**DOCUMENT REQUEST NO. 18:**

All documents in the possession of the Office of the Mayor regarding the Paylock proposal and its approval.

**OBJECTION AND RESPONSE TO REQUEST NO. 18:**

Defendants object to Document Request No. 18 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, unduly burdensome, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 19:**

   All documents pertaining to the purported satisfaction of the competitive bidding process for the Paylock contract with the Department of Finance.

**OBJECTION AND RESPONSE TO REQUEST NO. 19:**

   Defendants object to Document Request No. 19 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, assumes facts not admitted or otherwise established, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 20:**

   All requests for bids and responses to requests for bid that created by [sic] or were submitted to the Department of Finance on the booting program, as stated in a Marcy 10, 2011 *Daily News* article which quotes Defendants Frankel as stating that requests for bids on the new booting program will be generated by the Department of Finance.

**OBJECTION AND RESPONSE TO REQUEST NO. 20:**

   Defendants object to Document Request No. 20 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, assumes facts not admitted or otherwise established, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 21:**

   All documents pertaining to the Corporation Counsel's Contract Approval for the Paylock contract with the Department of Finance, including all such document supporting the approval of such contract by Howard Friedman.

**OBJECTION AND RESPONSE TO REQUEST NO. 21:**

Defendants object to Document Request No. 21 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, unduly burdensome, seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks production of documents protected by the attorney-client privilege, the attorney work product doctrine, and/or the privilege regarding materials prepared in anticipation of litigation.

**DOCUMENT REQUEST NO. 22:**

All documents that were used or relied upon in the determination by the City of New York that IPT, LLC or the Paylock program was uniquely qualified to provide services to the City of New York.

**OBJECTION AND RESPONSE TO REQUEST NO. 22:**

Defendants object to Document Request No. 22 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, unduly burdensome, seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks production of documents protected by the attorney-client privilege, the attorney work product doctrine, and/or the privilege regarding materials prepared in anticipation of litigation.

**DOCUMENT REQUEST NO. 23:**

All documents pertaining to any proposed, scheduled or conducted public hearing on the Paylock contract.

**OBJECTION AND RESPONSE TO REQUEST NO. 23:**

Defendants object to Document Request No. 23 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, and because it seeks production of documents

that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 24:**

All emails and other communications between Defendant Schwam and Ken Kelly regarding the plaintiff using the search term "Airday" or "marshal7airday@aol.com."

**OBJECTION AND RESPONSE TO REQUEST NO. 24:**

Defendants object to Document Request No. 24 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, duplicative of previous requests, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Defendants refer plaintiff to the documents submitted herewith bearing Bates numbers D000328 through D000630, as containing documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 25:**

All emails and other communications between Defendant Schwam and Ken Kelly regarding the Paylock proposal or contract, using the search term "IPT" or "Paylock" or "Smartbook" or "Towlock" or "booting program."

**OBJECTION AND RESPONSE TO REQUEST NO. 25:**

Defendants object to Document Request No. 25 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, duplicative of previous requests, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 26:**

All emails and other communications between Defendant Frankel (or those acting on his behalf) and Ken Kelly regarding the plaintiff using the search term "Airday" or "marshal7airday@aol.com."

**OBJECTION AND RESPONSE TO REQUEST NO. 26:**

Defendants object to Document Request No. 26 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, duplicative of previous requests, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Defendants refer plaintiff to the documents submitted herewith bearing Bates numbers D000328 through D000630, as containing documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 27:**

All emails and other communications between Defendant Frankel (or those acting on his behalf) and Ken Kelly regarding the Paylock proposal or contract, using the search terms "IPT" or "Paylock" or "Smartboot" "Towlock" or the "booting program."

**OBJECTION AND RESPONSE TO REQUEST NO. 27:**

Defendants object to Document Request No. 27 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, duplicative of previous requests, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 28:**

All documents pertaining to the authority of Defendant Schwam to suspend or discipline City Marshals.

**OBJECTION AND RESPONSE TO REQUEST NO. 28:**

        Defendants object to Document Request No. 28 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, incapable of reasonable response, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 29:**

        All documents pertaining to the policy or practice at the Department of Finance for reviewing proposed or finalized agreements with the Department of Finance.

**OBJECTION AND RESPONSE TO REQUEST NO. 29:**

        Defendants object to Document Request No. 29 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, incapable of reasonable response, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 30:**

        All documents pertaining to the authority of Defendant Frankel to suspend any City Marshal from the Department of Finance's Scofflaw Program.

**OBJECTION AND RESPONSE TO REQUEST NO. 30:**

        Defendants object to Document Request No. 30 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, incapable of reasonable response, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 31:**

        All documents used or reviewed to respond to the above Interrogatories.

**OBJECTION AND RESPONSE TO REQUEST NO. 31:**

Defendants object to Document Request No. 31 on the grounds that it is vague, ambiguous, overbroad, incapable of reasonable response, seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks production of documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and the privilege regarding materials prepared in anticipation of litigation. Subject to and without waiving the foregoing general and specific objections, Defendants refer plaintiff to the documents submitted herewith bearing Bates numbers D000001 through D000630, as containing documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 32:**

Any and all witness statements, signed or unsigned, whether taken at the time of the underlying investigation and/or trial, or otherwise obtained by any defendant or the Corporation Counsel, which it will be claimed support defendants' claims or defenses in this case.

**OBJECTION AND RESPONSE TO REQUEST NO. 32:**

Defendants object to Document Request No. 31 on the grounds that it is vague, ambiguous, overbroad, incapable of reasonable response, seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks production of documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and the privilege regarding materials prepared in anticipation of litigation. Subject to and without waiving the foregoing general and specific objections, Defendants state that there exist no documents responsive to this request.

**DOCUMENT REQUEST NO. 33:**

The current resume for each of the individual defendants.

**OBJECTION AND RESPONSE TO REQUEST NO. 33:**

Defendants object to Document Request No. 33 on the grounds that it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 34:**

All documents identified or used to create the Defendants' Initial Disclosure Statement.

**OBJECTION AND RESPONSE TO REQUEST NO. 34:**

Defendants object to Document Request No. 34 on the grounds that it is vague, ambiguous, incapable of reasonable response, seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks production of documents protected by the attorney-client privilege, the attorney work product doctrine, and/or the privilege regarding materials prepared in anticipation of litigation. Subject to and without waiving the foregoing general and specific objections, Defendants refer plaintiff to the documents submitted herewith bearing Bates numbers D000001 through D000630, as containing documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 35:**

All photographs or audio or video materials concerning the plaintiff or any claim or defense by any of the defendants in this action.

**OBJECTION AND RESPONSE TO REQUEST NO. 35:**

Defendants object to Document Request No. 35 on the grounds that it is vague, ambiguous, overbroad, not restricted as to time, and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, and construing this request as a demand for any photographs or audio or video recordings upon which Defendants intend to rely to support their defense(s) in this action, Defendants state that there exist no documents responsive to this request.

**DOCUMENT REQUEST NO. 36:**

All documents pertaining to all expert disclosures required to be produced pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**OBJECTION AND RESPONSE TO REQUEST NO. 36:**

Defendants object to Document Request No. 36 on the grounds that it is premature, that it is not capable of reasonable response, and that the information sought may be protected by the attorney work-product privilege and the privilege protecting material prepared in anticipation of litigation.  Consistent with and without waiving the foregoing general and specific objections, Defendants state that they have not yet made a determination with respect to whether they will call any expert witnesses at any trial of this action.  If and when Defendants make that determination, Defendants will make such disclosures as required by Federal Rule of Civil Procedure 26(a) or by any orders issued by the Court in this action.

**DOCUMENT REQUEST NO. 37:**

All statements by or to any of the defendants concerning this lawsuit.

**OBJECTION AND RESPONSE TO REQUEST NO. 37:**

Defendants object to Document Request No. 37 on the grounds that it is vague, ambiguous, overbroad, incapable of reasonable response, seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks production of documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and the privilege regarding materials prepared in anticipation of litigation.

**DOCUMENT REQUEST NO. 38:**

The Department of Investigation's organizational charts for the years 2010-2013.

**OBJECTION AND RESPONSE TO REQUEST NO. 38:**

Defendants object to Document Request No. 38 on the grounds that it is excessive as to time and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 39:**

The Department of Finance's organizational charts for the years 2010 through 2013.

**OBJECTION AND RESPONSE TO REQUEST NO. 39:**

Defendants object to Document Request No. 39 on the grounds that it is excessive as to time and because it seeks production of documents that are not relevant to plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence

Dated:     New York, New York
           February 17, 2017

                        ZACHARY W. CARTER
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants
                        100 Church Street, Room 2-186
                        New York, New York 10007
                        (212) 356-2444
                        cseacord@law.nyc.gov

                By: _____
                        Christopher A. Seacord
                        Assistant Corporation Counsel

TO:    Nathaniel B. Smith, Esq.
       Attorney for Plaintiff
       100 Wall Street, 23rd Floor
       New York, New York 10005
       Tel:  (212) 227-7062
       natbsmith@gmail.com

- 20 -

Docket No. 14 Civ. 8065 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE AIRDAY,

Plaintiff,

- against -

THE CITY OF NEW YORK, KEITH SCHWAM, and
DAVID M. FRANKEL,

Defendants.

**DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-186*
*New York, New York  10007-2601*

*Of  Counsel:  Christopher A. Seacord*
*Tel.:  (212) 356-2444*

*Service of which is hereby acknowledged:*

*......................................., N.Y.  Dated:  ...................................*

*Signed:  ...............................................................................*

*Print Name:  ........................................................................*

*Attorney for:  .......................................................................*



## The City of New York
## Department of Investigation

ROSE GILL HEARN
COMMISSIONER

80 MAIDEN LANE
NEW YORK, NY 10038
212-825-5900

Confidential

To:        File

From:      Keith Schwam

Subject:   Appointment of New City Marshal to Succeed City Marshal George Airday

Date:      October 23, 2013

I am recommending that one of the four prospective new City Marshals be appointed to succeed City Marshal George Airday, Badge No. 7, upon expiration of his term on December 20, 2013. Marshal Airday was the subject of recent disciplinary action summarized in the attached Stipulation dated May 20, 2013. In June 2012, Marshal Airday was suspended by order of the Appellate Division pending proceedings on disciplinary charges filed by DOI, a copy of which was made part of the attached Stipulation. Marshal Airday remained suspended for approximately one year, until June 14, 2013, and as provided by the Stipulation, paid a fine of $7,500 as the penalty for his failure to provide DOI with the documents specified in Charge One, which is quoted below.

Charge One    New York City Marshals Handbook of Regulations,
              Chapter I, § 1-9 (a), (b)

From on or about January 31, 2012 continuing through the present, you interfered and failed to cooperate fully with an investigation by the Department of Investigation ("DOI") concerning (1) handguns that may have been in your possession or custody at various times and (2) one or more handgun licenses you obtained from the New York City Police Department ("NYPD") based in whole or part on your occupation as a New York City Marshal. Specifically, on January 30, 2012, DOI directed that you provide to DOI by the next day copies of any correspondence and notices you received from the NYPD on or after December 22, 2011 regarding your handgun license(s), and any and all relevant records in your custody or control, including but not limited to (1) copies of all applications for handgun license(s) and renewals, (2) records reflecting the loss, theft, or

D000316

<u>Confidential</u>
Appointment of New City Marshal to Succeed City Marshal George Airday
Page 2 of 3

transfer of any handgun and any notifications to the NYPD of such loss, theft or
transfer, and (3) any and all records reflecting or related to (a) a Derringer .22-
caliber handgun, and (b) your acquisition of a .25-caliber Hawes handgun listed in
an NYPD Property Claims Invoice as having been recovered from your residence.
You have failed and refused to provide the above-described documents and
records to DOI and have indicated that it is your intention not to produce those
documents and records unless and until formal disciplinary charges are filed.

On June 14, 2013, after the final disposition of the above-quoted disciplinary charge through the
Stipulation, Marshal Airday, accompanied by his attorney, Howard B. Sterinbach, Esq., appeared and
testified under oath at DOI in the investigation concerning Marshal Airday's handguns and handgun
licenses.   In sum and substance and pertinent part Marshal Airday testified that he had acquired the
abovementioned .25-caliber Hawes handgun in 1980 from a City probation officer, had kept it in his
safe, and never listed it on any of his gun license applications and renewal applications filed with the
NYPD. (Consequently, it was an unlicensed gun.)  Marshal Airday acknowledged that he filed a number
of such applications throughout his tenure as a City Marshal, which began in 1984, and that the
application forms instructed him to list all of his guns.  His explanation in sum and substance for his
repeated failures to list the .25-caliber Hawes handgun was that he forgot about that gun. He also
acknowledged having told his previous attorney a different version of how and from whom he obtained
the same gun, which his then-attorney communicated on his behalf to DOI in a letter dated January 20,
2012, copied to Marshal Airday. Specifically, according to that letter, the "unlicensed gun…belong[ed]
to his father and when his father passed away the marshal put it in his safe for safekeeping."  On June
14, the marshal testified that after having so informed his then-attorney he found a handwritten receipt
for the gun dated October 10, 1980, which he produced at the interview, and which he said reflected the
transfer of the gun from the probation officer to him.[1]

On June 14, 2103, Marshal Airday also acknowledged that from December 22, 2011 to January
18, 2012, while he was under an obligation to surrender all of his guns to the NYPD pursuant to a
criminal court order of protection, the second gun mentioned in Charge One, the .22-caliber Derringer,
remained in his possession. He asserted it was in his safe throughout that time without his knowledge.
Marshal Airday's explanation in sum and substance was that he believed that all of his guns had been
removed from his safe by an NYPD officer on December 22, 2011.  In fact, NYPD records indicate that
the NYPD officer found and removed five guns from Marshal Airday's safe on December 22, 2011 and
provided Marshal Airday with an itemized inventory, which included the above-mentioned .25-caliber
Hawes. The Derringer was not found or removed by the officer and therefore was not on his inventory.
Marshal Airday testified that he did not read the inventory "carefully." He further testified that he did

---

[1] A copy of this document was first provided to DOI by Marshal Airday's attorney on April 11, 2013.

Confidential
Appointment of New City Marshal to Succeed City Marshal George Airday
Page 3 of 3

not know that the Derringer had remained in his possession after December 22, 2011 until an NYPD detective came to his residence on January 18, 2012 and removed it from his safe.

NYPD separately informed DOI that the detective went to Marshal Airday's office and residence on January 18, 2012 after the NYPD licensing division reported discrepancies between the December 22, 2011 inventory and the guns listed on Marshal Airday's licenses. Those discrepancies included the presence of the unlicensed .25-caliber Hawes handgun on the inventory of guns removed from Marshal Airday's safe on December 22, 2011 and the absence of the licensed Derringer from that inventory.

Section 1601 of the New York City Civil Court Act provides in part, "No more than eighty-three city marshals shall be appointed by the mayor. Upon the expiration of the terms of office of the duly appointed incumbents the mayor shall appoint their successors for terms of five years." My recommendation is that a successor be appointed to the office that Marshal Airday currently holds, which after the expiration of his term on December 20, 2013, "shall be deemed vacant for the purpose of choosing his successor." Public Officers Law § 5.

HONORABLE KARA MILLER
OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS
-------------------------------------------------X
*In the Matter of*

NEW YORK CITY                              OATH Index No. 1620/13
DEPARTMENT OF INVESTIGATION,
                           *Petitioner*         STIPULATION

*--against--*

GEORGE AIRDAY,
New York City Marshal, Badge #7
                           *Respondent*
-------------------------------------------------X

      WHEREAS, on or about December 21, 2011, New York City Marshal George Airday ("Marshal Airday") was arrested and charged with assault in the third degree, menacing in the third degree, and harassment in the second degree under Bronx County Criminal Court docket number 2011BX068751;

      WHEREAS, on or about January 18, 2012, under Bronx County Criminal Court docket number 2012BX004096, Marshal Airday was arrested and charged with criminal contempt in the second degree related to an alleged violation of an order of protection that had been issued in the above-referenced case;

      WHEREAS, on or about January 19, 2012, upon learning of the January 18, 2012 arrest for criminal contempt, the New York City Department of Investigation ("DOI"), pursuant to its supervisory authority over City marshals, informed Marshal Airday that if he did not intend to resign, it would seek his removal from office and instructed him not to perform any marshal duties other than the orderly redemption of vehicles and the collection and remittance of funds in relation to vehicles already in his custody;

      WHEREAS, upon being informed by the New York City Police Department that there were discrepancies between the firearms listed on Marshal Airday's firearm licenses, and those recovered from his safe as a result of the issuance of the order of protection, DOI also commenced an investigation into these issues and by letter dated January 30, 2012 requested the production of certain documents in connection with that investigation relating to Marshal Airday's firearms, licenses, and gun registrations;

      WHEREAS, Marshal Airday, through his attorney by letter to DOI dated February 17, 2012 advised DOI that "written disciplinary charges have not yet been filed" and that Marshal Airday's "criminal case takes precedence over the administrative proceeding. Therefore, until resolution of that criminal matter, absent the Department of Investigation affording Airday his rights to a full and fair hearing as required under the law, Airday will not be able to provide the documents that have been requested by the Department of Investigation;"

D000319

WHEREAS, on or about June 1, 2012, DOI served three disciplinary charges upon Marshal Airday under Sections 1610 and 1612 of the New York City Civil Court Act ("CCA") and Joint Administrative Orders ("JAOs") 453 and 456 of the Appellate Divisions of the Supreme Court of the State of New York, First and Second Judicial Departments ("Appellate Divisions"), and a copy of said disciplinary charges is attached to and made part of this Stipulation as "Exhibit A";

WHEREAS, on or about June 11, 2012, the Appellate Divisions, by JAO 2012-1, temporarily suspended Marshal Airday from office, pending a further order of the Courts, and directed DOI to conduct disciplinary proceedings in accordance with JAOs 453 and 456 and Article 16 of the New York City Civil Court Act;

WHEREAS, said disciplinary proceeding filed by DOI with the City's Office of Administrative Trials and Hearings ("OATH"), was subsequently stayed pending the resolution of the criminal charges that had been filed against Marshal Airday and, during the pendency of that stay, Marshal Airday agreed to remain suspended from office and from performance of official acts as a City marshal;

WHEREAS, the criminal charges against Marshal Airday were resolved in Marshal Airday's favor as follows: (1) On October 19, 2012, Marshal Airday was found not guilty after trial of all the charges under Bronx County Docket Number 2011BX068751; and (2) on March 1, 2013, the Bronx County District Attorney's Office dismissed the case against Marshal Airday under Bronx County Docket Number 2012BX004096;

WHEREAS, by letter to OATH dated March 7, 2013 DOI asked that OATH reinstate Charge One of the attached disciplinary charges, and withdrew Charges Two and Three in which DOI had sought Marshal Airday's suspension pending the resolution of the above-referenced criminal charges;

WHEREAS, as an alternative to a formal disciplinary proceeding based on the pending disciplinary charge;

IT IS HEREBY STIPULATED AND AGREED, by and between DOI and Marshal Airday:

1. Marshal Airday agrees to fully cooperate with DOI's investigation of his conduct, including giving full and complete testimony under oath.

2. Marshal Airday further agrees to pay a fine in the amount of seven thousand five hundred dollars ($7,500.00) by check payable to the New York City Commissioner of Finance, which shall be tendered to DOI upon the signing of this Stipulation by both parties, as the penalty for his failure to provide DOI with the documents specified in Charge One of the attached disciplinary charges.

2

3. Upon the execution of this Stipulation and the receipt of the payment of the fine of $7,500.00 referenced in the preceding paragraph, DOI will immediately seek an order from the Appellate Divisions lifting the suspension imposed upon Marshal Airday pursuant to JAO 2012-1.

4. Marshal Airday acknowledges that he has had full opportunity to review this Stipulation with his attorney and has been informed of his rights with respect to discipline under the CCA, the JAOs cited above, and the New York City Marshals Handbook of Regulations, including but not limited to, his rights (1) to be furnished with written charges and an opportunity to answer the charges in writing, (2) to a full hearing on the charges, at which DOI's designee has the burden of proving the charged misconduct, (3) to be represented by counsel at such hearing, and (4) after such hearing, to appeal any decision of the DOI Commissioner ("Commissioner"), including but not limited to, any penalty imposed by the Commissioner, to the Appellate Divisions.

5. Marshal Airday hereby knowingly and voluntarily waives his above-mentioned rights, including, but not limited to, his right to appeal.

6. This Stipulation constitutes the final disposition for Charge One of the attached disciplinary charges, Charge Two and Charge Three having already been withdrawn.

7. This Stipulation will be filed as a public record in DOI and with the Appellate Divisions of the New York State Supreme Court, First and Second Judicial Departments, under JAO 456 and CCA Section 1610 and will be considered for all purposes as part of Marshal Airday's official record.

Dated: New York, New York
May 20 , 2013

George Airday
New York City Marshal, Badge #7

Howard B. Sterinbach, Esq.
London & Worth, LLP
111 John Street, Suite 640
New York, N.Y. 10038
Attorney for City Marshal George Airday

Keith Schwam
Assistant Commissioner
New York City Department of Investigation
80 Maiden Lane
New York, NY 10038

3

**D000321**

EXHIBIT A

D000322

CITY OF NEW YORK
DEPARTMENT OF INVESTIGATION

In the Matter of the
Charges and Specifications
- against -
GEORGE AIRDAY
New York City Marshal - Badge #7

Pursuant to §1610 of the New York City Civil Court Act and Joint Administrative Orders #453 and #456 of the Appellate Division for the First and Second Departments, dated November 12, 1975, and February 27, 1976, respectively, you are hereby charged as follows:

Charge number                    Rules Violated and Specifications

Charge One                       New York City Marshals Handbook of Regulations, Chapter I, § 1-9 (a), (b)

From on or about January 31, 2012 continuing through the present, you interfered and failed to cooperate fully with an investigation by the Department of Investigation ("DOI") concerning (1) handguns that may have been in your possession or custody at various times and (2) one or more handgun licenses you obtained from the New York City Police Department ("NYPD") based in whole or part on your occupation as a New York City Marshal. Specifically, on January 30, 2012, DOI directed that you provide to DOI by the next day copies of any correspondence and notices you received from the NYPD on or after December 22, 2011 regarding your handgun license(s), and any and all relevant records in your custody or control, including but not limited to (1) copies of all applications for handgun license(s) and renewals, (2) records reflecting the loss, theft, or transfer of any handgun and any notifications to the NYPD of such loss, theft or transfer, and (3) any and all records reflecting or related to (a) a Derringer .22 caliber handgun, and (b) your acquisition of a .25 caliber Hawes handgun listed in an NYPD Property Claims Invoice as having been recovered from your residence. You have failed and refused to provide the above-described documents and records to DOI and have indicated that it is your intention not to produce those documents and records unless and until formal disciplinary charges are filed.

Charge Two     Civil Court Act § 1610; New York City Marshals Handbook of
            Regulations, Chapter I, § 1-1

  On or about December 21, 2011, you were arrested, and you were subsequently charged
with (1) assault in the third degree (Penal Law § 120.00(1)), (2) menacing in the third
degree (Penal Law § 120.15), and (3) harassment in the second degree (Penal Law §
240.26(1)). The allegations contained in the accusatory instrument, if true, warrant your
removal or other penalty. The pendency of these charges therefore warrants your
suspension pending their resolution.

Charge Three     Civil Court Act § 1610; New York City Marshals Handbook of
            Regulations, Chapter I, § 1-1

  On or about January 18, 2012, you were arrested, and you were subsequently charged
with criminal contempt in the second degree (Penal Law § 215.50(3)), in that, according
to the accusatory instrument filed and pending in the Bronx Supreme Court, Criminal
Division, you engaged in intentional disobedience or resistance to the lawful process or
other mandate of a court in a case not involving or growing out of a labor dispute. The
allegations contained in the accusatory instrument, if true, warrant your removal or other
penalty. The pendency of these charges therefore warrants your suspension pending their
resolution.

Dated:   New York, New York
     May 30, 2012

         ROSE GILL HEARN, Commissioner
         New York City Dept. of Investigation

         By
         Keith Schwam
         Assistant Commissioner
         Director of the Bureau of Marshals

Date Served: _____

By: _____

Page 2

D000324



The City of New York
Department of Investigation

ROSE GILL HEARN
COMMISSIONER

80 MAIDEN LANE
NEW YORK, NY 10038
212-825-5900

December 23, 2013

Mr. George Airday
5720 Mosholu Avenue
Bronx, NY 10471

Dear Mr. Airday:

By letter dated January 22, 2009 you were notified that you were reappointed to the office of City Marshal, Badge No. 7, for the remainder of a five-year term expiring December 20, 2013 (copy attached). Your term of office has expired. In accordance with Section 1601 of the New York City Civil Court Act ("CCA"), your successor has been appointed to that office. Accordingly, your service as a City Marshal has ended.

You must surrender your badge and City Marshal identification card forthwith.[1] Please contact this office for additional information regarding the procedure for termination of office. Thank you for your cooperation.

Sincerely,

Keith Schwam
Assistant Commissioner

---

[1] CCA Section 1602 provides, in part, "Every city marshal shall forthwith surrender his official badge to the city clerk upon the expiration of his term or upon the vacation of his office for any reason and the city clerk is hereby authorized to refund the sum originally charged therefor. Any person violating the provisions of this section shall be punished by imprisonment for a term not exceeding thirty days or a fine not exceeding two hundred dollars for each offense." *See also NYC Marshals Handbook of Regulations*, Ch. X, Sections 1-8, "Badge and Identification," and 4, "Termination of Office Procedure."

D000325



THE CITY OF NEW YORK
OFFICE OF THE MAYOR
NEW YORK. N.Y. 10007

January 22, 2009

Mr. George Airday
5720 Mosholu Avenue
Bronx, New York 10471

Dear Mr. Airday:

Following the recommendation of the Committee on City Marshals, and pursuant to the authority vested in me as Mayor by Section 1601 of the New York City Civil Court Act, I hereby reappoint you to the position of City Marshal, Badge No. 7. Your reappointment is for the remainder of a five-year term expiring on December 20, 2013.

On behalf of the people of New York City, I extend my thanks and congratulations to you on your reappointment. I appreciate the work you are doing for our city and I wish you continued success as a City Marshal.

Sincerely,

Michael R. Bloomberg
Mayor

MRB:jb

cc: Commissioner Rose Gill Hearn
    Peter Madonia, Marshals Committee Chair
    Keith Schwam, DOI Marshals Bureau Director



# NEW YORK CITY MARSHAL
## Stephen W. Biegel

109 West 38th Street, Suite 200 · New York, NY 10018

Phone: (212) MARSHAL · Fax: (212) 398-2000

NYC@MarshalBiegel.com · www.NewYorkCityMarshal.com

Dear Creditor or Attorney,

Please be advised that the office of New York City Marshal Airday is closed as his term has expired. Effective immediately, all of his cases have been transferred to my office where they will receive uninterrupted service.

Unless I hear from you otherwise, I will continue to process your judgment. However, if you prefer to have your case handled by a different enforcement officer, I can return it to you and you can forward it to the sheriff or to the marshal of your choosing.

For judgments in which the court clerk, rather than an attorney for the judgment creditor, issued the execution (for example, small claims executions), I will follow any additional instructions of the court and will inform you of any such instructions received with respect to your case.

If you have any questions or concerns, please do not hesitate to contact my office.

Sincerely,

Stephen W. Biegel
NYC Marshal
Badge #27

D000327