UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
GEORGE AIRDAY,                                               :
                                                             :
                                   Plaintiff,                :
                                                             :           14-CV-8065 (VEC)
                  -against-                                  :
                                                             :                ORDER
                                                             :
THE CITY OF NEW YORK and KEITH                               :
SCHWAM,                                                      :
                                                             :
                                   Defendants.               :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/27/2021

VALERIE CAPRONI, United States District Judge:

WHEREAS the parties submitted Joint Proposed Jury Instructions (Dkt. 210) and Proposed Verdict Sheets (Dkt. 212) in advance of trial;

WHEREAS Plaintiff's proposal for jury instructions on Municipal Liability would have the Court instruct the jury that it must determine whether Defendant Schwam was a final policymaking authority, *see* Dkt. 210 at 43;

WHEREAS Plaintiff's proposed verdict sheet similarly suggests that the Court direct the jury to determine for itself whether Mr. Schwam was a final policymaking authority, *see* Dkt. 212 at 2;

WHEREAS binding Supreme Court precedent holds that "[w]hether the official in question possessed final policymaking authority is a legal question," and that "[t]he matter of whether the official is a final policymaker under state law is to be resolved by the trial judge *before* the case is submitted to the jury," *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989));

WHEREAS Defendants did not object to either Plaintiff's proposed jury instruction on Municipal Liability or Plaintiff's proposed verdict sheet; and

WHEREAS in briefing submitted prior to the first trial in this case, Plaintiff cited *Jeffes* and argued that "[i]t is the role of the courts, not the jury, to determine whether the official in question had final policymaking authority in the particular area involved," Dkt. 137 at 5;

IT IS HEREBY ORDERED that not later than **Friday, May 28, 2021, at 12:00 p.m.**, both parties must submit a letter not to exceed three double-spaced pages explaining their position on this issue. Plaintiff must specifically address its change of position from the first trial in this action to the present trial. Defendants must specifically address whether they failed to object to Plaintiff's proposals because they have abandoned Second Circuit precedent as set out in *Jeffes* and progeny or whether they are simply indifferent to whether the jury is correctly charged on this issue.

**SO ORDERED.**

Date:  May 27, 2021
       New York, NY

**VALERIE CAPRONI**
**United States District Judge**